UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
NORTHERN DIVISION

| | |
|---|---|
| KENNETH RICHARD KLOCK,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF UTAH; SPENCER D. WALSH; FIRST DISTRICT COURT; and BRANDON MAYNARD,<br><br>Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS (DOC. NO. 15) AND DISMISSING ACTION WITHOUT PREJUDICE**<br><br>Case No. 1:24-cv-00031<br><br>Magistrate Judge Daphne A. Oberg |

Plaintiff Kenneth Klock, proceeding without an attorney, filed this action against the State of Utah, Judge Spencer D. Walsh, the Utah First District Court, and Judge Brandon Maynard (collectively, the "State Defendants"), alleging they violated his constitutional rights by denying him the right to jury trials.[1] The State Defendants move to dismiss the complaint for lack of subject-matter jurisdiction and failure to state a claim.[2]

Upon review of the complaint and the briefing on the motion to dismiss, it is evident this court lacks jurisdiction over Mr. Klock's claims to the extent he seeks to challenge the State Defendants' rulings and his proceedings in state court cases. Further, judicial immunity bars any claim for damages against Judge Walsh or Judge Maynard, and Mr. Klock fails to state any other federal claim upon which relief can be

---

[1] (*See* Compl., Doc. No. 1.)

[2] (*See* Mot. to Dismiss ("Mot."), Doc. No. 15.)

1

granted. Accordingly, as explained below, the motion to dismiss is granted, and this action is dismissed without prejudice.[3]

## BACKGROUND

Mr. Klock filed a form civil rights complaint, and he checked boxes indicating he is bringing claims under 42 U.S.C. § 1983 and *Bivens*.[4] Mr. Klock's allegations are difficult to discern but appear to relate to (1) a Utah state court eviction case, which was reassigned to Judge Walsh after Judge Maynard recused himself, and (2) a Utah divorce case.[5] The background to the eviction case is outlined in the motion to dismiss and attached state court records.[6]

In February 2023, Wasatch Leasing and Management filed an eviction case against Mr. Klock in the First District of Utah state court.[7] On March 30, 2023, Mr. Klock

---

[3] The parties consented to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (*See* Doc. No. 14.)

[4] (Compl. 3, Doc. No. 1); *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971).

[5] (*See generally* Compl., Doc. No. 1; *see also* Mot. 8–9, Doc. No. 15.)

[6] The court takes judicial notice of the records associated with Mr. Klock's state court cases. *See Powell v. Rios*, 241 F. App'x 500, 501 n.1 (10th Cir. 2007) (unpublished) (taking "judicial notice of the public documents" filed in a prior civil case); *see also United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (noting "discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"). The court may do so without converting the Rule 12(b)(6) motion to dismiss into a motion for summary judgment. *See Tal v. Hogan*, 453 F.3d 1244, 1264 n.24 (10th Cir. 2006).

[7] (*See* Ex. 1 to Mot., *Wasatch Leasing and Mgmt. v. Othell Folsom et al.*, No. 230100039 (Utah First Dist. Ct., Box Elder Cnty., filed Feb. 24, 2023) ("Eviction Case") Docket 1–2, Doc. No. 15-1.)

2

was ordered to vacate the Wasatch property.[8] Court proceedings followed, and at a hearing on February 28, 2024, Judge Walsh made an oral ruling granting a motion for summary judgment against Mr. Klock.[9] On March 4, 2024, the court entered summary judgment against Mr. Klock and ordered him to pay damages.[10] On March 7, 2024, Mr. Klock filed a notice claiming the judgment was unconstitutional because he was denied the right to a jury trial, among other reasons.[11]

On February 28, 2024, the same day Judge Walsh issued his oral ruling granting summary judgment in the eviction case, Mr. Klock filed this action against the State Defendants in federal court.[12] The complaint mentions two state court cases upon which he bases his claim: the eviction proceeding and his divorce.[13] Mr. Klock alleges he was denied the right to a jury trial in four cases[14] (though he does not identify or describe the other two cases)—and, as a result, has suffered court orders, legal costs, and loss of custody of his child in his divorce.[15] Mr. Klock checked boxes on the complaint form indicating he is suing Judge Walsh and Judge Maynard in both their

---

[8] (*See* Ex. 3 to Mot., Eviction Case Order of Restitution, Doc. No. 15-3.)

[9] (*See* Ex. 1 to Mot., Eviction Case Docket 9, Doc. No. 15-1.)

[10] (*See* Ex. 4 to Mot., Eviction Case Judgement and Order, Doc. No. 15-4.)

[11] (*See* Ex. 5 to Mot., Eviction Case "Notice: Orders Void," Doc. No. 15-5.)

[12] (*See* Compl., Doc. No. 1.)

[13] (*See id.* at 4.)

[14] (*See id.* at 3.)

[15] (*See id.* at 5.)

individual and official capacities.[16]  He seeks one million dollars in damages,[17] the right to a jury trial, and civil penalties.[18]

The State Defendants move to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, arguing (1) Mr. Klock's complaint does not satisfy pleading standards, (2) Mr. Klock's claims are barred by the *Rooker-Feldman*[19] and *Younger*[20] doctrines, (3) Judge Maynard and Judge Walsh retain absolute judicial immunity, and (4) the State Defendants are not "persons" subject to suit under 42 U.S.C. § 1983.[21]

## LEGAL STANDARDS

Rule 12(b)(1) permits dismissal of a case for "lack of subject-matter jurisdiction."[22]  When a motion under this rule presents a facial attack based on the allegations in the complaint, the court applies the same standards applicable to a Rule 12(b)(6) motion and accepts the allegations in the complaint as true.[23]  The State Defendants' motion presents a facial attack because they do not dispute the allegations

---

[16] (*See id.* at 2–3.)

[17] (*See id.* at 3.)

[18] (*See id.* at 5.)

[19] *See D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983); *Rooker v. Fid. Tr. Co.*, 263 U.S. 413 (1923).

[20] *See Younger v. Harris,* 401 U.S. 37 (1971).

[21] (*See* Mot. 2, Doc. No. 15.)

[22] Fed. R. Civ. P. 12(b)(1).

[23] *Muscogee Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010); *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001).

4

in Mr. Klock's complaint for purposes of their motion, and their only references outside the complaint are to court records subject to judicial notice.[24]

Rule 12(b)(6) permits dismissal for "failure to state a claim upon which relief can be granted."[25]  To avoid dismissal under Rule 12(b)(6), a complaint must allege "enough facts to state a claim to relief that is plausible on its face."[26]  The court accepts well-pleaded factual allegations as true, viewing them in the light most favorable to the plaintiff and drawing all reasonable inferences in the plaintiff's favor.[27]  But the court need not accept a plaintiff's conclusory allegations.[28]  "[A] plaintiff must offer specific factual allegations to support each claim."[29]  This "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[30]

Because Mr. Klock proceeds without an attorney (pro se), his filings are liberally construed and "held to a less stringent standard than formal pleadings drafted by

---

[24] See *Thurman v. Steidley*, No. 16-cv-554, 2017 U.S. Dist. LEXIS 85725, at *11 (N.D. Okla. June 5, 2017) (unpublished) (concluding a Rule 12(b)(1) motion to dismiss relying on state court records subject to judicial notice presented a facial attack); *Mackley v. Davis*, No. 1:13-cv-00129, 2014 U.S. Dist. LEXIS 66115, at *4 (D. Utah Apr. 25, 2014) (unpublished) (same).

[25] Fed. R. Civ. P. 12(b)(6).

[26] *Hogan v. Winder*, 762 F.3d 1096, 1104 (10th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 547 (2007)).

[27] *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013).

[28] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[29] *Kan. Penn Gaming, LLC v. Collins*, 656 F.3d 1210, 1214 (10th Cir. 2011).

[30] *Twombly*, 550 U.S. at 555.

5

lawyers."[31] Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[32] For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[33] While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[34] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[35]

## ANALYSIS

As explained below, this court lacks subject-matter jurisdiction over Mr. Klock's claims challenging state court proceedings. Further, Mr. Klock's claim for monetary damages against Judge Maynard and Judge Walsh is barred by judicial immunity. Finally, Mr. Klock fails to state a claim under § 1983 or *Bivens*.[36]

---

[31] *Hall*, 935 F.2d at 1110.

[32] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (citation omitted).

[33] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[34] *Hall*, 935 F.2d at 1110.

[35] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (citation omitted).

[36] The defendants' argument that Mr. Klock's complaint fails to meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure need not be addressed in this order because dismissal is warranted on other grounds.

### A. This Court Lacks Jurisdiction to Review Challenges to State Court Proceedings Under the *Rooker-Feldman* and *Younger* Doctrines

This court lacks jurisdiction over Mr. Klock's claims that his constitutional rights were violated in the eviction case and other state court cases, pursuant to the *Rooker-Feldman* and *Younger* doctrines.

"The *Rooker-Feldman* doctrine provides that federal courts, other than the United States Supreme Court, lack jurisdiction to adjudicate claims seeking review of state court judgments."[37]  Under this doctrine, "[t]he losing party in a state court proceeding is generally 'barred from seeking what in substance would be appellate review of the state [] judgment in a United States district court, based on the losing party's claim that the state judgment itself violates the loser's federal rights.'"[38]

Where Mr. Klock's eviction case resulted in a final judgment, the *Rooker-Feldman* doctrine bars Mr. Klock from challenging the constitutionality of the judgment in federal district court.[39]  Mr. Klock's claim that he was denied the right to a jury trial in the eviction case is a "claim that the state judgment itself violates [Mr. Klock's] federal rights."[40]  Under *Rooker-Feldman*, this court lacks jurisdiction to adjudicate this claim.

---

[37] *Bisbee v. McCarty*, 3 F. App'x 819, 822 (10th Cir. 2001) (unpublished) (citing *Feldman*, 460 U.S. at 486; *Rooker*, 263 U.S. at 415).

[38] *Id.* (quoting *Johnson v. De Grandy*, 512 U.S. 997, 1005–06 (1994)).

[39] The court entered final judgment in the eviction case a week after Mr. Klock filed this case.  But where Mr. Klock filed this action the same day the judge in the eviction case granted summary judgment against him, it is apparent Mr. Klock seeks to challenge that judgment.

[40] *Bisbee*, 3 F. App'x at 822.

7

The state appellate process is the proper forum to seek review of the eviction case judgment.

It is unclear whether final judgments have been entered in the divorce case or any other state court cases. To the extent final judgments have entered, Mr. Klock's claims related to those cases are likewise barred by *Rooker-Feldman*. To the extent those proceedings are ongoing, this court still lacks jurisdiction under the *Younger* abstention doctrine.

The *Younger* abstention doctrine "dictates that federal courts not interfere with state court proceedings by granting equitable relief—such as injunctions of important state proceedings or declaratory judgments regarding constitutional issues in those proceedings—when such relief could adequately be sought before the state court."[41] The *Younger* Doctrine is generally applied to ongoing state proceedings.[42] Under the *Younger* doctrine,

> [a] federal court must abstain from exercising jurisdiction when: (1) there is an ongoing state criminal, civil, or administrative proceeding, (2) the state court provides an adequate forum to hear the claims raised in the federal complaint, and (3) the state proceedings involve important state interests, matters which traditionally look to state law for their resolution or implicate separately articulated state policies.[43]

Application of *Younger* abstention is mandatory where these conditions are met.[44]

---

[41] *Rienhardt v. Kelly*, 164 F.3d 1296, 1302 (10th Cir. 1999).

[42] *See Weitzel v. Div. of Occupational & Pro. Licensing of Dep't of Com.*, 240 F.3d 871, 875 (10th Cir. 2001).

[43] *Amanatullah v. Colo. Bd. of Med. Exam'rs*, 187 F.3d 1160, 1163 (10th Cir. 1999) (internal quotation marks omitted).

[44] *See Weitzel*, 240 F.3d at 875 ("[T]he district court must abstain once the conditions are met, absent extraordinary circumstances." (internal quotation marks omitted));

8

To the extent Mr. Klock's divorce proceeding is ongoing in state court, the first *Younger* condition is satisfied. The record does not indicate Mr. Klock was prevented from presenting his claims in state court. It is Mr. Klock's burden to establish that state law prevents him from presenting his federal claims in state proceedings,[45] which he has not done—satisfying the second *Younger* condition. Finally, the third condition is satisfied because states have an important interest in divorce proceedings since divorce proceedings "belong to the laws of the States and not to the laws of the United States."[46]

For the same reasons, this court lacks jurisdiction over Mr. Klock's claims related to any other state court proceedings. Mr. Klock provides no information regarding the other two cases in which he alleges he was denied a right to a jury trial. However, because the named defendants are the State of Utah, the state court, and state court judges, it is apparent his claims relate to state court cases. To the extent final judgments have been entered in these cases, this court lacks jurisdiction under *Rooker-Feldman*. And to the extent the cases are ongoing, this court lacks jurisdiction under *Younger*.

---

*Taylor v. Jaquez*, 126 F.3d 1294, 1296 (10th Cir. 1997) ("[B]ecause application of the *Younger* doctrine is absolute . . . when a case meets the *Younger* criteria, there is no discretion for the district court to exercise." (second alteration in original) (internal quotation marks omitted)).

[45] *See J.B. ex rel. Hart v. Valdez*, 186 F.3d 1280, 1292 (10th Cir. 1999).

[46] *See Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12–13 (2004) (quoting *In re Burrus*, 136 U.S. 586, 594 (1890)).

9

### B. Mr. Klock Fails to State a Claim Under 42 U.S.C. § 1983 or *Bivens*

To the extent Mr. Klock attempts to bring any other claim against the State Defendants under 42 U.S.C. § 1983 or *Bivens*, he fails to state a plausible claim for relief. As explained below, Mr. Klock's individual-capacity claims against Judge Walsh and Judge Maynard are barred by judicial immunity. And Mr. Klock's claims against the State of Utah, the First District Court, and the judges in their official capacities fail because these are not proper defendants under 42 U.S.C. § 1983 or *Bivens.*

> 1. *Judge Walsh and Judge Maynard Are Entitled to Absolute Judicial Immunity from Individual-Capacity Claims*

The doctrine of judicial immunity bars Mr. Klock's claims for monetary damages against Judge Walsh and Judge Maynard in their individual capacities.

Absolute immunity shields judges from suits for money damages based on their judicial actions, including suits brought under § 1983.[47] Only two exceptions to immunity exist: (1) when the judge's actions are taken outside his role as a judge, i.e., entirely non-judicial conduct, or (2) when the judge's actions are taken in the complete absence of jurisdiction.[48]

Mr. Klock does not allege either Judge Maynard or Judge Walsh took any action outside his role as a judge. Other than naming these judges as defendants, Mr. Klock's complaint is devoid of any allegations whatsoever regarding Judge Maynard or Judge Walsh. To the extent Mr. Klock seeks to challenge rulings made by these judges in the

---

[47] *See Mireles v. Waco*, 502 U.S. 9, 9–10 (1991); *Forrester v. White*, 484 U.S. 219, 225–26 (1988); *Stein v. Disciplinary Bd. of Sup. Ct. of N.M.*, 520 F.3d 1183, 1189–90 (10th Cir. 2008).

[48] *See Mireles*, 502 U.S. at 11–12.

eviction case, such rulings are judicial conduct. And Mr. Klock fails to allege any action taken by Judge Maynard or Judge Walsh in the complete absence of jurisdiction. He offers no factual basis to conclude either judge lacked jurisdiction over the eviction case—a matter arising under state law.[49]

In his opposition to the motion to dismiss, Mr. Klock argues judicial immunity does not apply based on new, conclusory allegations (not found in the complaint).[50] For example, he alleges the judges in the divorce case lacked jurisdiction because their actions "directly resulted in the commission of felonies," and he claims the judges in the eviction case lacked jurisdiction because service was improper and he was denied the right to a jury trial.[51] "Normally a claim or theory that is not adequately raised in the complaint will not be considered."[52] Even if these new allegations could be considered, they are conclusory and unsupported by factual development—and they still fail to establish Judge Maynard or Judge Walsh took any action outside his official judicial capacity or in the absence of jurisdiction.

Accordingly, Judge Maynard and Judge Walsh are entitled to absolute judicial immunity from Mr. Klock's claims for monetary damages.

---

[49] *See Montero v. Tulsa Airport Improvement Tr.*, No. 23-cv-0118, 2023 U.S. Dist. LEXIS 56019, at *4 (N.D. Okla. Mar. 31, 2023) (unpublished) ("Eviction and foreclosure are generally matters of state law.").

[50] (See "Motion to Dismiss Objection," Doc. No. 17 at 3–8.)

[51] (*Id.* at 4.)

[52] *Hansen v. JPMorgan Chase Bank, NA*, No. 2:16-cv-744, 2017 U.S. Dist. LEXIS 45494, at *16 (D. Utah Mar. 27, 2017) (unpublished) (quoting *Fuqua v. Lindsey Mgmt. Co.*, 321 F. App'x 732, 734 (10th Cir. 2009) (unpublished)).

> 2. *The State of Utah, First District Court, and State Judges in Their Official Capacities Are Improper Defendants Under 42 U.S.C. § 1983 and* Bivens

Mr. Klock also fails to state any plausible claim for relief under 42 U.S.C. § 1983 or *Bivens* because the State of Utah, First District Court, and state judges in their official capacities are improper defendants under both causes of action.

The State of Utah, First District Court, and state judges in their official capacities are not "persons" subject to suit under § 1983. This statute provides a remedy against a "person" who violates federal rights while acting "under color of" state law.[53] Only a "person," as that term has been interpreted in federal case law, may be a proper defendant.[54] "Neither the state, nor a governmental entity that is an arm of the state . . . , nor a state official who acts in his or her official capacity, is a 'person' within the meaning of § 1983."[55] Likewise, a state court is not a "person" under § 1983.[56] Therefore, Mr. Klock's claims against the State of Utah, First District Court, and state judges in their official capacities must fail.

Finally, Mr. Klock fails to state a claim under *Bivens* because *Bivens* claims "can be brought only against federal officials in their individual capacities,"[57] and none of the State Defendants are federal officials.

---

[53] 42 U.S.C. § 1983; *Jojola v. Chavez*, 55 F.3d 488, 492 (10th Cir. 1995).

[54] *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

[55] *Harris v. Champion*, 51 F.3d 901, 905–06 (10th Cir. 1995); *see also Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011) (explaining injunctive relief is ordinarily unavailable against a state judicial officer under § 1983).

[56] *Harris*, 51 F.3d at 906.

[57] *Smith*, 561 F.3d at 1099.

## CONCLUSION

The State Defendants' motion to dismiss[58] is granted.  Mr. Klock's claims challenging state court judgments and ongoing state court proceedings are dismissed without prejudice for lack of subject-matter jurisdiction under Rule 12(b)(1), pursuant to the *Rooker-Feldman* and *Younger* doctrines.  To the extent Mr. Klock attempts to bring any other claim under 42 U.S.C. § 1983 or *Bivens*, his claims are dismissed without prejudice under Rule 12(b)(6) for failure to state a plausible claim for relief against the named defendants.  Accordingly, this action is dismissed without prejudice.

DATED this 23rd day of July, 2024.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge

---

[58] (Doc. No. 15.)